IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI LOA, individually and in his capacity as Chief of the Hou 1778 Hawaiians, a native Hawaiian tribal Indian band,<br><br>           Plaintiff,<br><br>   vs.<br><br>LORETTA LYNCH, in her official capacity as ATTORNEY GENERAL of the United States of America; SALLY JEWELL, in her official capacity as the Secretary of the Department of the Interior of the United States of America,<br><br>           Defendants. | Civ. No. 16-00446 JMS-KSC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

      Pro se Plaintiff Maui Loa ("Maui Loa" or "Plaintiff"), who identifies himself as a native Hawaiian and representative of the Hou 1778 Hawaiians (the "Hou"), brings this action against Defendants Loretta Lynch and Sally Jewell in their official capacities as Attorney General of the United States and Secretary of the Department of the Interior of the United States, respectively. Plaintiff cites many seemingly random statutes throughout the Complaint -- and, as a result, it is

1

difficult to understand exactly what Plaintiff seeks.  In liberally construing the Complaint, the court's best interpretation is that Plaintiff is arguing that Defendants failed to intervene when the state of Hawaii foreclosed on lands belonging to him or the Hou.

Currently before the court is Defendants' Motion to Dismiss, ECF No. 16.  For the reasons that follow, the court GRANTS Defendants' Motion.

## II.  BACKGROUND

### A.  Factual Background

Plaintiff Maui Loa -- a native Hawaiian Indian and Chief of the Hou -- claims that the Hou received federal grants to purchase three plots of land on the north shore of Oahu: 59-059 Pupukea Road, 59-254 Kamehameha Highway, and 59-051 Pupukea Road.  Compl. ¶¶ 1, 16-3, 16-5, ECF No. 1.  The federal grants "identify the Hou as a federal Indian agency."  *Id.* ¶ 16-3.

The local government, "in collusion with hostile neighbors and mortgage lenders," fined and then foreclosed on the Hou's properties.  *Id.* ¶ 16-5.  The Hou sought relief from the Hawaii Homes Commission and Defendants, to no avail.  *Id.* ¶ 16-6.

The court notes that Plaintiff has brought many related cases in federal court, none of which was successful.  *Hou 1778 Hawaiians v. U.S. Dep't of Justice*, 2016 WL 335851, at *1 (D. Haw. Jan. 27, 2016); *see, e.g.*, *Hou Hawaiians*

*v. Cayetano*, 183 F.3d 945 (9th Cir. 1999); *Price v. Akaka*, 3 F.3d 1220 (9th Cir. 1993); *Price v. State of Hawaii*, 939 F.2d 702 (9th Cir. 1991); *Price v. State of Hawaii*, 921 F.2d 950 (9th Cir. 1990); *Price v. State of Hawaii*, 764 F.2d 623 (9th Cir. 1985).

## B.   Procedural Background

Plaintiff filed a Complaint on August 9, 2016, asserting ambiguous claims against Defendants.  Compl. ¶¶ 5-10, ECF No. 1.  On October 12, 2016, Defendants filed a Motion to Dismiss.  Defs.' Mot., ECF No. 16.  On October 31, 2016, Plaintiff filed his Opposition brief, and on November 17, 2016, Defendants filed their Reply brief.  Pl.'s Opp'n, ECF No. 23; Defs.' Reply, ECF No. 24.  The court decides the motion without a hearing pursuant to Local Rule 7.2(d).[1]

## III.   STANDARD OF REVIEW

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  The court may determine jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Invs., L.L.C. v.*

---

[1] On December 6, 2016, Plaintiff filed a Reply to Defendants' Reply. ECF No. 26.  But, "Plaintiff[] did not seek leave of court to file what was effectively a sur-reply and neither the Local Rules nor the Federal Rules of Civil Procedure permit sur-replies."  *Seascape Dev. v. Fairway Capital*, 737 F. Supp. 2d 1207, 1213 n.6 (D. Haw. 2010).  As a result, "[t]he court finds that this filing is improper and does not consider it."  *Id.*

*United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack such as the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**B.     Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes his Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*,

832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).  A court may, however, deny leave to amend where further amendment would be futile.  *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## IV.  DISCUSSION

### A.  Maui Loa Cannot Represent the Hou

Plaintiff recently brought a similar suit before Judge Susan Oki Mollway.  *See Hou 1778 Hawaiian*, 2016 WL 335851 (D. Haw. Jan. 27, 2016).  The court agrees with, and reiterates, Judge Mollway's holding:

> In all courts of the United States, "parties may plead and conduct their own cases personally or by counsel." *See* 28 U.S.C. § 1654.  However, the right to proceed pro se in civil cases is a personal right.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . .  He has no authority to appear as an attorney for others than himself." (citation omitted)).  Maui Loa, as a pro se plaintiff, cannot represent the Hou in this action.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-64

> (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). This court considers only claims relating to injuries personal to Maui Loa.

*Id.* at *3 (emphasis omitted).

And because the court will only consider claims relating to injuries personal to Maui Loa, the court need not reach Plaintiff's claim concerning the Trade and Intercourse Act, 25 U.S.C. § 177 (the "Nonintercourse Act"). Compl. ¶¶ 104-06. Maui Loa admits that the title of the relevant land belongs to the Hou, Compl. ¶¶ 16-1 to -8, and individual Indians cannot bring suit under the Nonintercourse Act for land belonging to a tribe:

> The common view of aboriginal title is that it is held by tribes. Among the most important protections of aboriginal title were the Trade and Intercourse Acts, which invalidated transfers of title from tribes without the approval of the United States. Thus individual Indians do not even have standing to contest a transfer of tribal lands on the ground that the transfer violated that statute.

*United States v. Dann*, 873 F.2d 1189, 1195-96 (9th Cir. 1989) (internal citations and emphasis omitted).[2]

### B.     Lack of Subject Matter Jurisdiction

Defendants argue that "Plaintiff has not met his burden to establish the subject matter jurisdiction of the Court" because "the Complaint in this case

---

[2] The court makes no finding whatsoever as to whether the Hou constitutes an Indian tribe under the Nonintercourse Act.

does not state a basis for the waiver of the sovereign immunity of the Defendants." Defs.' Mot. at 16. The court agrees.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 US 471, 475 (1994); *see also United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) ("The Federal Government cannot be sued without its consent."). This is a jurisdictional question. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The burden is on the party asserting subject matter jurisdiction to "demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.* at 216-17 (internal citations and quotation marks omitted).

It is Plaintiff's burden to establish that the federal government has waived sovereign immunity, permitting this court to exercise jurisdiction over Plaintiff's case. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). In conclusory fashion, Plaintiff argues:

> The Federal Tort Claims Act and the Hawaiian Homes Commission Act, 1921, and the Indian Self Determination Act were designed to remedy hardship and suffering so [sic] indicate that Congress did not intend that beneficiaries of these

7

statutes would sustain injury in the course of federally approved programs be barred from recovery under Sovereign Immunity.

Pl.'s Opp'n ¶ 17, ECF No. 23.  The court liberally construes Plaintiff's argument as suggesting that the three named statutes waive the federal government's sovereign immunity here.

First, the waiver of sovereign immunity in the Indian Self-Determination and Education Assistance Act ("ISDEAA"), Pub. L. 93-638, is inapplicable here.  *See Demontiney v. United States*, 255 F.3d 801, 805 (9th Cir. 2001) ("The ISDEAA's waiver of federal sovereign immunity is limited to 'self-determination contracts' entered into by Indian tribes or tribal organizations and the government.").  The ISDEAA does not apply to indigenous groups from Hawaii, as they are not recognized by the federal government as either a "tribal organization" or "Indian tribe." *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1281 (9th Cir. 2004) ("[T]he ISDEA[A] excludes Hawaiian Native Americans . . . . Congress has evidenced an intent to treat Hawaiian natives differently from other indigenous groups."); *see also* Indian Entities Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs, 80 Fed. Reg. 1942 (Jan. 14, 2015) (listing recognized Indian entities and failing to mention the Hou); *Price*, 764 F.2d at 626 ("[N]either the Hou nor their governing body have been 'duly recognized' by the Secretary[.]").

Second, the court does not have federal subject matter jurisdiction over the Hawaiian Homes Commission Act ("HHCA"), 42 Stat. 108 (1921), claim because it does not "arise under" the laws of the United States. *Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n*, 588 F.2d 1216, 1227 (9th Cir. 1978) ("We therefore conclude that the Commission Act claims do not arise under federal law."). Although the HHCA began as federal law, it became state law when the Hawaii Admission Act ("Admission Act"), Pub. L. No. 86-3, 73 Stat. 5 (1959), adopted it into the Hawaii state constitution and Congress subsequently deleted it from the United States Code. *Id.* § 4; *see also Han v. U.S. Dep't of Justice*, 45 F.3d 333, 339 (9th Cir. 1995); *Keaukaha-Panaewa Cmty. Ass'n*, 588 F.2d at 1219, 1226-27. Because claims under the HHCA arise solely under state law, this claim doesn't "arise under" federal law.

Third, Plaintiff briefly mentions the Federal Tort Claims Act ("FTCA"), which "authorizes suits against the United States for damages for personal injuries in situations where a private person would be liable under the law where the act or omission causing the injuries occurred." *Richardson v. United States*, 943 F.2d 1107, 1110 (9th Cir. 1991) (citing 28 U.S.C. §§ 1346(b), 2674). The FTCA's waiver of sovereign immunity "is not available, however, when the act or omission complained of is 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a

9

federal agency or an employee of the Government.'" *Id.* (quoting 28 U.S.C. § 2680(a)).

Plaintiff "has the burden of proving the actual existence of subject matter jurisdiction," *Thompson*, 99 F.3d at 353, and fails to meet that burden. Plaintiff in no way explains how the FTCA applies to this case. The most the court can infer is an argument that the FTCA applies because "the preventable injury by Hawaii and Hawaiian law is primarily caused by [Defendants] through negligence in not enforcing applicable existing federal Indian law actually protecting native Hawaiian land use from takings by Hawaii." Compl. ¶ 13, at 6. Even so, Plaintiff does not show how "existing federal Indian law" imposes a non-discretionary duty on Defendants, as required for a waiver of sovereign immunity under the FTCA.

Although not clear, it is possible Plaintiff is arguing that the FTCA's waiver of sovereign immunity applies because Defendants were negligent in not enforcing the HHCA. *See* Pl.'s Opp'n ¶ 17 (grouping together the FTCA and HHCA when discussing sovereign immunity). As discussed above, "the entire [HHCA] program was turned over to the State of Hawaii" after Hawaii became a state through the Admission Act. *Keaukaha-Panaewa Cmty. Ass'n*, 588 F.2d at 1226. The HHCA, as *state* law, cannot impose a non-discretionary duty on the *federal* government.

10

If Plaintiff mentioned the HHCA in an attempt to reference section five of the related Admission Act,[3] the Ninth Circuit has already rejected Plaintiff on this point:

> Section 5 of the Hawaii Admission Act, Pub. L. No. 86-3, 73 Stat. 4 (1959), granted to the State of Hawaii most of the lands there held by the United States and declared that the lands should be held as a public trust. The Act specified five purposes of the trust and stated that the lands should be held for one or more of the five specified purposes as the constitution and laws of Hawaii should provide. The Act added: "their use for any other object shall constitute a breach of trust for which suit may be bought by the United States." Pub. L. No. 86-3, 73 Stat. 4 § 5(f) (1959).
>
> The Hou contend that this final phrase imposed a duty upon the United States to sue the State of Hawaii if the state breached the trust. The Hou contend that federal failure to act amounts to such an abuse of discretion and such a failure to carry out the policy of the statute that mandamus lies to compel the United States to bring suit.
>
> The immediate obstacle to this contention is the sovereign immunity of the United States. That immunity has not been waived by section 5. That immunity has not been waived by the mandamus statute, 28 U.S.C. § 1361. *See Washington Legal Found. v. United States Sentencing Commission*, 89 F.3d 897, 901 (D.C. Cir. 1996). The Administrative Procedure Act, 5 U.S.C. § 702, waives immunity only for claims alleging that an official's actions "were unconstitutional or beyond statutory authority." *Swan v. Clinton*, 100 F.3d 973, 981 (D.C.Cir.1996). Under section 5, the United States has no duty to prosecute the

---

[3] Plaintiff discusses the Admission Act under requested relief, Compl. ¶ 99, suggesting that it is unconstitutional, *id.* ¶ 100. The court recognizes that section 5(f) of the Admission Act creates an individual right enforceable through 42 U.S.C. § 1983, *Day v. Apoliona*, 496 F.3d 1027, 1039 (9th Cir. 2007), but that right is inapplicable here because it is limited to suits against actors operating under the color of state law.

> State of Hawaii. *See Han*, 45 F.3d at 337. The federal enforcement policy is not "so inadequate as to be beyond the limits of [the federal defendants'] discretion." *Id.* at 338. The bar is absolute and fatal to the claim against the federal defendants.

*Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999) (alteration in original). Although the Ninth Circuit's analysis was not specifically related to the FTCA, its reasoning is applicable here. There is no non-discretionary duty that permits application of the FTCA's waiver of sovereign immunity.

In sum, Plaintiff has not met his burden to establish a waiver of sovereign immunity and thus, he has not shown how the court has subject matter jurisdiction to hear this case.

## C.  Leave to Amend

The court has liberally construed the Complaint as bringing a claim against Defendants for failure to intervene in the state's foreclosure on the Hou's land. However, the court recognizes that, under the section titled "Relief" in the Complaint, Plaintiff requests that the court "sever or otherwise correct language" in the Admission Act and the Native American Programs Act ("Programs Act"), Pub. L. 93-644, 88 Stat. 2291 (1975), and compel Defendant Sally Jewell to approve a list of HEARTH Act[4] leases for the Hou. Compl. ¶¶ 99-109. The court

---

[4] Plaintiff does not specify, but the court assumes Plaintiff is referring to the Helping Expedite and Advance Responsible Tribal Home Ownership Act, Pub. L. 112-151, 126 Stat. 1150 (2012).

treats these two possible categories of claims -- first, failure to intervene claims, and second, possible claims related to Plaintiff's requested relief -- separately.

### 1. *Failure to Intervene Claims*

This is not the first time Plaintiff has brought these claims against officials of the federal government. In *Hou 1778 Hawaiians*, Plaintiff sued the Department of Justice ("DOJ"), claiming that the DOJ wrongfully took land from the Hou under the ISDEAA, in addition to other related claims. 2016 WL 335851 at *1. Earlier this year, Judge Mollway dismissed Plaintiff's Complaint with leave to amend, and specifically provided Plaintiff with three instructions. First, to make sure the Complaint is "complete in itself; it may not simply incorporate by reference anything previously filed with this court or any other court." *Id.* at *6. Second, to make sure the Complaint "clearly and concisely articulate[d]" the claim and basis of the court's jurisdiction. *Id.* Third, to not file any further pro se claims attempting to represent the Hou, as "the Hou's claims must be presented by an attorney in the first instance." *Id.*

Here, Plaintiff brings another ISDEAA claim, despite Judge Mollway's earlier ruling that Maui Loa cannot bring such a claim because the Hou are not a federally recognized Indian tribe. *Id.* at *5. Further, Plaintiff still tries to allege facts by referencing past actions -- the action in front of Judge Mollway, in fact -- instead of ensuring the Complaint is complete in itself. Moreover, Plaintiff

fails yet again to clearly articulate a basis for the waiver of sovereign immunity, despite Judge Mollway's earlier instruction that such a showing was necessary. Finally, Plaintiff again attempts -- pro se -- to bring claims on behalf of the Hou, despite Judge Mollway's earlier ruling that he could not. *Id.* at *3.

A district court may deny leave for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed." *Leadsinger, Inc.*, 512 F.3d at 532. This court cannot ignore Plaintiff's repeated failure to properly state this claim. Consequently, the court GRANTS Defendants' Motion to Dismiss *without* leave to amend any claims relating to the federal government's failure to intervene.

### 2. *Remedies Listed in "Relief" Section*

In Plaintiff's "Relief" section, he requests three separate remedies: 1) "sever or otherwise correct language" in the Admission Act; 2) "sever or otherwise correct language" in the Programs Act; and 3) compel the Secretary of the Department of the Interior to "approve a list of HEARTH Act leases" for the Hou. Compl. ¶¶ 99-109. Outside of this "Relief" section of the Complaint, Plaintiff makes no mention of the Admission Act or the Programs Act. Although Plaintiff does mention the HEARTH Act once outside of this section, that mention merely mirrors Plaintiff's requested relief. Compl. ¶ 15.

Because there is no support for any of Plaintiff's three requested remedies, but the court is unaware of any previous claims requesting similar relief, the court GRANTS Defendants' Motion to Dismiss *with* leave to amend any claims relating to the relief requested in Plaintiff's Complaint.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 16, is GRANTED. Plaintiff is further GRANTED leave to file an Amended Complaint as to any claims relating to the requested relief. An Amended Complaint must be filed by January 6, 2017. If an Amended Complaint is not timely filed, the court will instruct the Clerk to close the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 6, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Loa v. Lynch*, Civ. No. 16-00446 JMS-KSC, Order Granting Defendants' Motion to Dismiss, ECF No. 16.