IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI LOA, individually and in his capacity as Chief of the Hou 1778 Hawaiians, a native Hawaiian tribal Indian band,<br><br>        Plaintiff,<br><br>  vs.<br><br>LORETTA LYNCH, in her official capacity as ATTORNEY GENERAL of the United States of America; SALLY JEWELL, in her official capacity as the Secretary of the Department of the Interior of the United States of America,<br><br>        Defendants. | Civ. No. 16-00446 JMS-KSC<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION, ECF NO. 28 |

## ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION, ECF NO. 28

### I. INTRODUCTION

Defendants Loretta Lynch and Sally Jewell in their official capacities as Attorney General of the United States and Secretary of the Department of the Interior of the United States, respectively, move for reconsideration in part of this court's December 7, 2016 Order which granted Defendants' Motion to Dismiss. ECF No. 28. In granting Defendants' Motion to Dismiss, the December 7 Order discussed certain aspects of the Hawaiian Homes Commission Act ("HHCA"), 42

Stat. 108 (1921).  *Loa v. Lynch*, 2016 WL 7155733, at *4 (D. Haw. Dec. 7, 2016).

Defendants do not seek to alter the ultimate holding of the December 7 Order but

do request that the court change some of the language in the discussion of the

HHCA.  Based on the following, the court DENIES the Motion for

Reconsideration.

## II.  <u>STANDARD OF REVIEW</u>

"Reconsideration is appropriate if the district court (1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision

was manifestly unjust, or (3) if there is an intervening change in controlling law.

There may also be other, highly unusual, circumstances warranting

reconsideration."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d

1255, 1263 (9th Cir. 1993) (citation omitted); *see also* Local Rule 60.1.  "Clear

error exists when . . . [a] court is left with the definite and firm conviction that a

mistake has been made."  *In re Adamson Apparel, Inc.*, 785 F.3d 1285, 1291 (9th

Cir. 2015) (internal quotation marks and citations omitted).  Reconsideration is "an

extraordinary remedy, to be used sparingly in the interests of finality and

conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229

F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted).

A motion for reconsideration must accomplish two goals.  "First, a

motion for reconsideration must demonstrate reasons why the court should

reconsider its prior decision.  Second, a motion for reconsideration must set forth

facts or law of a strongly convincing nature to induce the court to reverse its prior

decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw.

1996).  Mere disagreement with a previous order is an insufficient basis for

reconsideration, and reconsideration may not be based on evidence and legal

arguments that could have been presented at the time of the challenged decision.

*See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw.

2005).  "Whether or not to grant reconsideration is committed to the sound

discretion of the court." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw.

2006) (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakima

Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

## III.  DISCUSSION

### A.    Defendants' Proposed Changes

The court's December 7 Order dismissed Plaintiff's claims against

Defendants for lack of subject matter jurisdiction.  Defendants request the court to

reconsider two parts of the December 7 Order.

To begin, Defendants request the court to delete the following

paragraph in the December 7 Order:

> Second, the court does not have federal subject matter
> jurisdiction over the Hawaiian Homes Commission Act
> ("HHCA"), 42 Stat. 108 (1921), claim because it does not
> "arise under" the laws of the United States.  *Keaukaha-*

> *Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n*, 588 F.2d 1216, 1227 (9th Cir. 1978) ("We therefore conclude that the Commission Act claims do not arise under federal law."). Although the HHCA began as federal law, it became state law when the Hawaii Admission Act ("Admission Act"), Pub. L. No. 86-3, 73 Stat. 5 (1959), adopted it into the Hawaii state constitution and Congress subsequently deleted it from the United States Code. *Id.* § 4*; see also Han v. U.S. Dep't of Justice*, 45 F.3d 333, 339 (9th Cir. 1995); *Keaukaha-Panaewa Cmty. Ass'n*, 588 F.2d at 1219, 1226-27.  Because claims under the HHCA arise solely under state law, this claim doesn't "arise under" federal law.

*Loa*, 2016 WL 7155733, at *4; Defs.' Mot at 3.  In its place, Defendants seek the following language:

> Second, the Hawaiian Homes Commission Act ("HHCA"), 42 Stat. 108 (1921), provides no waiver of the United States' sovereign immunity.  *See Moke v. United States*, Civ. No. 04-00680 ACK-LEK, 2006 U.S. Dist. LEXIS 24928 at *1-3 (D. Haw. Feb. 1, 2006).

Defs.' Mot. at 7.

Next, Defendants seek the deletion of the following part of a paragraph in the December 7 Order:

> As discussed above, "the entire [HHCA] program was turned over to the State of Hawaii" after Hawaii became a state through the Admission Act.  *Keaukaha-Panaewa Cmty. Ass'n*, 588 F.2d at 1226.  The HHCA, as *state* law, cannot impose a non-discretionary duty on the *federal* government.

*Loa*, 2016 WL 7155733, at *4; Defs.' Mot. at 3.

//

//

4

**B.     Analysis of Proposed Changes**

Defendants' claim that there is "substantial contrary authority" to the court's discussion of the nature of the HHCA.  Defs.' Mot. at 3.  This "substantial contrary authority," evidently, is a Department of the Interior ("DOI") response to a comment on a rule issued by the DOI:

> 3. Is the Hawaiian Homes Commission Act still Federal Law?
>
> Issue: Commenters questioned whether the HHCA remains a Federal law, presuming that the passage of the Admission Act repealed it.
>
> Response: Yes, the HHCA remains a Federal law.  As explained in more detail above under "Background,", [sic] in compliance with the Admission Act, and as a compact between the State and the United States relating to the management and disposition of the Hawaiian home lands, the State adopted the HHCA, as amended, as a law of the State through Article XII of its Constitution as a condition of its admission in 1959.  The HHCA is a cooperative federalism statute, a compound of interdependent Federal and State law that establishes a Federal law framework but also provides for implementation through State law.

Land Exchange Procedures and Procedures to Amend the Hawaiian Homes Commission Act, 81 Fed. Reg. 29776, 29779 (May 13, 2016).

The court understands Defendants' argument that *Keaukaha* does not explicitly hold that the HHCA is not federal law.  But, there is significant language in that case to that effect.  *Keaukaha*, 588 F.2d at 1226 ("The Commission Act itself was deleted from the United States Code and, at Congress' insistence, was

5

adopted as a permanent fixture of the state's constitution.  Thus, it is undisputable that the Commission Act program together with its rights and duties are, for all practical purposes, elements of Hawaiian law.").  Further supporting this reading of *Keaukaha* is the subsequent Ninth Circuit decision in *Han*, which -- citing *Keaukaha* -- held: "Claims under the Commission Act, which has been expressly incorporated in the Hawaii Constitution, arise *exclusively* under state law."[1]  *Han v. U.S. Dep't of Justice*, 45 F.3d 333, 339 (9th Cir. 1995) (citing *Keaukaha*, 588 F.2d at 1227) (emphasis added).

   To grant Defendants' Motion, the court must be left with a definite and firm view that a mistake was made.  Given that the Defendants' contrary reading of *Keaukaha* is supported solely by a Department of Interior response to a comment on a rule, and given the significant Ninth Circuit precedent consistent with the court's December 7 Order, the court remains unconvinced that the relevant language in the December 7 Order amounts to clear error.  Although Defendants are certainly not precluded from arguing this point in a future case, they simply do not meet their burden on a motion to reconsider.

---

[1] And, in fact, the Hawaii Supreme Court agrees with the court's reading.  *See Kepo'o v. Watson*, 87 Haw. 91, 98, 952 P.2d 379, 386 (1998) ("The HHCA is, therefore, a matter of state constitutional law and does not constitute federal law.  Consequently, federal preemption principles do not apply to this case because there is no relevant 'federal law' at issue.").

## IV.  <u>CONCLUSION</u>

Accordingly, Defendants' Motion for Reconsideration, ECF No. 28, is

DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 22, 2016.



_/s/ J. Michael Seabright_____
J. Michael Seabright
Chief United States District Judge

*Loa v. Lynch*, Civ. No. 16-00446 JMS-KSC, Order Denying Defendants' Motion for Reconsideration, ECF No. 28.