IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAUI LOA, individually as a native Hawaiian Indian Chief,<br><br>             Plaintiff,<br><br>   vs.<br><br>Congressional Rules and Regulation Committee Governing Native American funding; AG Jeff Sessions; Florence T. Nakakuni; Kirk Caldwell; Estate of Dan Inouye; Estate of Hiram Fong; Mike Friedel; Duane Pang,<br><br>             Defendants. | Civ. No. 16-00446 JMS-KSC<br><br>ORDER: (1) GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS, ECF NO. 47;<br>(2) GRANTING CITY DEFENDANTS' MOTION TO DISMISS, ECF NO. 51; AND<br>(3) DENYING PLAINTIFF'S MOTION TO CHANGE VENUE, ECF NO. 53 |

**ORDER: (1) GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS, ECF NO. 47; (2) GRANTING CITY DEFENDANTS' MOTION TO DISMISS, ECF NO. 51; AND (3) DENYING PLAINTIFF'S MOTION TO CHANGE VENUE, ECF NO. 53**

**I. INTRODUCTION**

Pro se Plaintiff Maui Loa ("Maui Loa" or "Plaintiff"), who identifies himself as a native Hawaiian Indian Chief, brings his Second Amended Complaint ("SAC"), ECF No. 44, against the following federal defendants and City and County of Honolulu defendants: Congressional Rules and Regulation Committee Governing Native American funding ("NAF Committee"), United States Attorney General Jeff Sessions ("Sessions"), former United States Attorney Florence T.

Nakakuni ("Nakakuni"), Estate of former United States Senator Dan Inouye ("Inouye"), and Estate of former United States Senator Hiriam Fong ("Fong") (collectively, "Federal Defendants"); and against Honolulu Mayor Kirk Caldwell ("Caldwell"), Mike Friedel ("Friedel"), Duane Pang ("Pang") (collectively, "City Defendants").

Currently before the court are three motions: (1) Federal Defendants' Motion to Dismiss, ECF No. 47; (2) City Defendants' Motion to Dismiss, ECF No. 51; and (3) Plaintiff's Motion to Change Venue, ECF No. 53. For the reasons that follow, the court GRANTS both Federal Defendants' Motion to Dismiss and City Defendants' Motion to Dismiss, and DENIES Plaintiff's Motion to Change Venue.

## II. BACKGROUND

**A. Factual Background**

The parties are familiar with the facts of the case because the court has twice previously dismissed this action, both times with leave to amend. *See Loa v. Lynch* ("*Loa I*"), 2016 WL 7155733 (D. Haw. Dec. 7, 2016), ECF No. 27; *Loa v. Soon* ("*Loa II*"), Civ. No. 16-00446 (D. Haw. May 31, 2017), ECF No. 43. Consequently, the court only briefly recites the factual background here.[1]

---

[1] Plaintiff has brought many related cases in federal court, none of which was successful. *Hou 1778 Hawaiians v. U.S. Dep't of Justice*, 2016 WL 335851, at *1 (D. Haw. Jan. 27, 2016);
(continued . . .)

Although Plaintiff does not specifically address his personal injury in the SAC, Plaintiff alleged in previous complaints that the local government foreclosed on three plots of Plaintiff's land on the north shore of Oahu in violation of Plaintiff's due process rights, and the federal government failed to stop them. Original Compl. at 7-9, ECF No. 1; First Am. Compl. at 3-5, ECF No. 30. Plaintiff now makes new -- and not specific -- factual allegations against new defendants.

As to the Federal Defendants, Plaintiff asserts three claims. First, Plaintiff claims that the NAF Committee, Inouye, and Fong violated the Fifth and Fourteenth Amendments' guarantee of due process when they "changed native Hawaiian into Native Hawaiian" and thus took away all of Plaintiff's rights and property. SAC at 4-5. Second, Plaintiff claims that Fong and Inouye violated various criminal statutes, including 18 U.S.C. §§ 1341, 1343, and 1346, by failing to "fix" the "Native Hawaiian" designation. SAC at 6-7. And third, Plaintiff claims that he notified Sessions and Nakakuni that violations of federal law were occurring, and they failed to investigate or prosecute said violations. SAC at 7-9.

---

(. . . continued.)
*see, e.g.*, *Hou Hawaiians v. Cayetano*, 183 F.3d 945 (9th Cir. 1999); *Price v. Akaka*, 3 F.3d 1220 (9th Cir. 1993); *Price v. State of Hawaii*, 939 F.2d 702 (9th Cir. 1991); *Price v. State of Hawaii*, 921 F.2d 950 (9th Cir. 1990); *Price v. State of Hawaii*, 764 F.2d 623 (9th Cir. 1985).

As to the City Defendants, Plaintiff claims that "[f]alse statements made by [City Defendants], on the record, prove factually that when taking Maui Loa's real property, they denied Maui Loa a fair trial." SAC at 9-10.

**B.    Procedural Background**

Plaintiff filed his Second Amended Complaint on June 19, 2017. ECF No. 44. Federal Defendants filed their Motion to Dismiss on July 3, 2017. ECF No. 47. On July 26, 2017, Plaintiff filed his Opposition, and on August 7, 2017, Federal Defendants filed their Reply. ECF Nos. 56, 60. City Defendants filed their Motion to Dismiss on July 11, 2017. ECF No. 51. On July 26, 2017, Plaintiff filed his Opposition, and on July 31, 2017, City Defendants filed their Reply. ECF Nos. 55, 58. Plaintiff then filed a Motion to Change Venue on July 17, 2017. Federal Defendants and City Defendants filed their respective Oppositions on July 31, 2017. ECF Nos. 57, 59. Plaintiff has not filed a Reply.

The court decides the motions without a hearing pursuant to Local Rule 7.2(d).

### III. <u>STANDARDS OF REVIEW</u>

**A.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is

[not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack such as the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346, 346 (2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

**C. Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes his SAC. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other

reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## IV. **<u>DISCUSSION</u>**

The SAC is DISMISSED because: (1) Plaintiff failed to follow the court's May 31, 2017 order; (2) the Speech or Debate Clause protects Inouye's and Fong's legislative activity; (3) there is no showing that the government waived sovereign immunity; (4) no private cause of action exists for violations of 18 U.S.C. §§ 1001, 1341, 1343, and 1346; and (5) failure to prosecute another person is not a legally cognizable claim.

### A. **Failure to Follow the Court's Order**

The court permitted Plaintiff to amend "any claims relating to violations of Plaintiff's due process rights." *Loa II*, Civ. No. 16-00446, at *11. Liberally construed, the SAC alleges two claims relating to due process violations: 1) the NAF Committee, Inouye, and Fong allegedly violated Plaintiff's due process rights by changing "native Hawaiian" to "Native Hawaiian"; and (2) the City Defendants allegedly violated Plaintiff's due process rights by making false statements at an unfair trial. SAC at 4-5, 9-10. However, the other two claims, alleging violations of various criminal statutes and failure to prosecute criminal violations, do not state "claims relating to violations of Plaintiff's due process rights," *Loa II*, Civ. No. 16-00446, at *11. Even viewing the SAC in the light most

8

favorable to Plaintiff, the claims not premised on a due process violation exceed the leave to amend granted in the court's May 31, 2017 Order.

**B.      Speech or Debate Clause**

Plaintiff's first two claims appear to be based on Inouye's and Fong's role in drafting legislation that broadened the definition of "Native Hawaiian," and false statements allegedly made to Plaintiff about the legislation.  Even assuming that Plaintiff's allegations are true, the Speech or Debate Clause of the Constitution provides absolute protection over their conduct.  *See* U.S. Const. art. I, § 6, cl. 1 ("[F]or any Speech or Debate in either House, [Senators or Congressmen] shall not be questioned in any other Place."); *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502-03 (1975) ("The applicability of the Clause to private civil actions is supported by the absoluteness of the terms 'shall not be question,' and the sweep of the term 'in any other Place.'  In reading the Clause broadly we have said that legislators acting within the sphere of legitimate legislative activity should be protected not only from the consequences of litigation's results but also from the burden of defending themselves." (some internal quotation marks and citations omitted)).

The drafting of legislation clearly falls within legitimate legislative activity, and Inouye and Fong (and their estates) are absolutely protected from suit over that conduct.

9

## C. No Waiver of Sovereign Immunity

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). And "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

With respect to damages suits against federal officials in their *individual* capacities, the Supreme Court has limited such claims to three contexts, none of which applies here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (limiting expansion of *Bivens*[2] remedy); *see also Arvizu v. Acosta*, 2017 WL 3421976, at *7 n.7 (E.D. Cal. Aug. 9, 2017) ("Since *Bivens*, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment; (2) gender discrimination by a congressman in violation of the Fifth Amendment for an employee not covered by Title VII; and

---

[2] "*Bivens*" references *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

10

(3) deliberate indifference toward a prisoner in violation of the Eighth Amendment.") (internal citations omitted).

Here, Plaintiff has not specified whether he is suing Federal Defendants in their official or individual capacities.[3]  Regardless, Plaintiff has failed to show how this action is not barred by sovereign immunity.[4]

**D.  No Civil Cause of Action for Alleged Violations of Title 18**

Plaintiff attempts to bring a private cause of action for the violation of 18 U.S.C. §§ 1001, 1341, 1343, and 1346.  Of these four federal criminal statutes, no private cause of action exists for violations of the first three, and the fourth is a single sentence that merely states a definition.  *See, e.g.*, *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) ("Accordingly, we affirm the dismissal of Lee's claim under 18 U.S.C. § 1001 because the statute does not create a private cause of action."); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir.

---

[3] In Plaintiff's Opposition to Federal Defendants' Motion, it appears that he might be suing them in their individual capacities.  Pl.'s Opp'n at 7-8, ECF No. 56 ("There is no sovereign immunity for the Hawaii connected federal defendants as their actions were not those of federal officials connected to the Washington, DC federal government.  Their actions were personal actions taken because of their connection to their group's blueprint to scam the federal treasury. . . . [S]overeign immunity does not apply when a Nakakuni, Fong, or Inouye is in an official government position but acts not as an arm of the federal government but instead acts as an arm of the state of Hawaii in furtherance of a scheme to skirt and manipulate the Constitution by protecting Hawaii's violation of the federal Constitution.").

[4] In the court's two previous orders dismissing this action, the court discussed how Plaintiff failed to show a waiver of sovereign immunity.  *See Loa I*, 2016 WL 7155733, at *3-5; *Loa II*, Civ. No. 16-00446, at *8-9.  As such, Plaintiff was aware that he needed to show waiver of sovereign immunity, and failed to do so.

11

1999) ("We hold, therefore, that the district court correctly dismissed the Widsoms' claims based on a private right of action under 18 U.S.C. §§ 1341, 1343, and 1951."); 18 U.S.C. § 1346 ("For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services.").

### E. No Cause of Action for Failure to Prosecute

Plaintiff's claim against Sessions and Nakakuni appears to be for failure to investigate or prosecute violations of federal law. *See* SAC at 7-9. Once again, Plaintiff states a private cause of action that does not exist. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

### V. CONCLUSION

For the reasons set forth above, the court GRANTS both Federal Defendants' Motion to Dismiss, ECF No. 47, and City Defendants' Motion to

Dismiss, ECF No. 51.[5]  Plaintiff was given two prior opportunities to amend his complaint to state a plausible claim.  He has been unable to do so, and any further attempt to amend would be futile.  The clerk of court is directed to close the case file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, August 30, 2017.



        /s/ J. Michael Seabright
        J. Michael Seabright
        Chief United States District Judge

*Loa v. Cong. Rules & Regulation Comm. Governing Native Am. funding*, Civ. No. 16-00446 JMS-KSC, Order: (1) Granting Federal Defendants' Motion to Dismiss, ECF No. 47; (2) Granting City Defendants' Motion to Dismiss, ECF No. 51; and (3) Denying Plaintiff's Motion to Change Venue, ECF No. 53.

---

[5] Plaintiff filed a Motion to Change Venue.  ECF No. 53.  Because the court is dismissing Plaintiff's SAC, the Motion to Change Venue is DENIED as moot.